UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Respondent,

v.

ROBERT JAMES TAGGART,

Movant.

No. 2:11-cr-0140 MCE KJN P

FINDINGS AND RECOMMENDATIONS

I. Introduction

Movant is a federal prisoner proceeding without counsel. Movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] On May 22, 2012, movant pled guilty to distributing visual depictions of minors engaged in sexually explicit conduct on or about July 19, 2010. (ECF No. 47; 71.) Movant seeks post-conviction relief raising two claims of ineffective assistance of counsel, and one claim that the government breached the plea bargain.

As part of his plea agreement, movant also agreed to waive his right to appeal or to collaterally attack his conviction and sentence. Importantly, for purposes of the § 2255 motion, in his plea agreement, movant expressly waived his right to file a motion for federal habeas relief

[1] This motion was assigned, for statistical purposes, the following civil case number: 2:13-cv-1116 LKK KJN P.

under 28 U.S.C. § 2255. For the reasons set forth below, the undersigned finds that movant's waiver of his right to appeal or collaterally attack his conviction and sentence was voluntary and intelligent, and encompasses movant's ineffective assistance of counsel claims. Accordingly, the undersigned recommends that the waiver of collateral attack should be enforced, and that movant's claim that the government breached the plea agreement should be denied.

II. Factual Background

On March 24, 2011, movant was charged by indictment with one count of distribution of child pornography, and one count of possession of child pornography. (ECF No. 1.) On March 29, 2011, movant was arraigned, and defense counsel Linda Parisi appeared on his behalf. (ECF No. 8.) On March 29, 2011, movant was released on bond, subject to pretrial release conditions. (ECF Nos. 10, 11, 12, 13.) By stipulation and order, the pretrial conditions of release were modified to allow movant to work in his father's medical office, subject to additional conditions regarding computer access. (ECF No. 46.)

On February 2, 2012, at a change of plea hearing, movant pled guilty to distribution of child pornography. (ECF No. 47.) The written plea agreement was filed on February 2, 2012. (ECF No. 50.)

Among other agreements set forth in the plea agreement, movant agreed to waive all constitutional and statutory rights to appeal, including the right to direct appeal and the right to bring a post-appeal attack on his conviction or sentence, including filing a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241 attacking his conviction or sentence. (ECF No. 50 at 12.) Of significance, movant also agreed that if he "ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the right (1) to prosecute the [movant] on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement." (ECF No. 50 at 13.)

A Pre-Sentence Investigation Report ("PSR") was prepared in advance of movant's sentencing hearing. (May 3, 2012 PSR.) The PSR calculated a base offense level of 39 and

criminal history category I, yielding a guideline range of 262 to 327 months in prison. (PSR at ¶ 48.) The PSR recommended that movant be sentenced to 240 months of imprisonment, with a 15-year term of supervised release, and a $100 special assessment. (PSR at 16.) The PSR has the "Yes" box checked next to the sentence, "The Plea Agreement contains a provision pertaining to waiver of appeal rights." (PSR at 21.)

On May 17, 2012, defense counsel filed a sentencing memorandum, in which she argued that based on movant's sex addiction and serious medical issue, the court "should engage in a downward departure to sixty [60] months and would request the sentence be served as a 'split sentence,' [] a sentence of 60 months divided as follows: thirty-six (36) months imprisonment and twenty-four (24) months of community confinement/home detention." (ECF No. 56 at 4.)

In its response to movant's sentencing memorandum, the government recommended that the court impose a ten year term of imprisonment, followed by a 15-year term of supervised release. (ECF No. 57 at 11.)

On May 24, 2012, the district court sentenced movant to a term of imprisonment of 96 months, or eight years, followed by a 180 month term of supervised release. (ECF Nos. 60, 68 at 26-27.) At sentencing, the district court specifically informed movant concerning his right to appeal:

> By the terms of your plea agreement, you agreed to waive your right to appeal in this case. Those waivers are generally enforceable, but if you believe that there was some defect in the proceedings upon which you received your waiver, you can make that argument to an appellate court. If so, you have 14 days from the date judgment is entered in your case to file your notice of appeal. [¶] If you cannot afford the cost of the appeal itself and the cost of the appellate attorney, those costs can be waived. [¶] If you so request it, the clerk of the court will file a notice of appeal on your behalf. [¶] Do you understand the rights of appeal as I've given them to you today?
>
> THE DEFENDANT: Yes, Your Honor.

(ECF No. 68 at 28.) Movant was not remanded into custody on May 24, 2012; rather, movant was granted until August 16, 2014 to self-surrender. (ECF No. 68 at 29-30.)

The judgment of conviction was entered on May 29, 2012. (ECF No. 61.)

Movant did not file an appeal, either through counsel, or in propria persona.

On May 17, 2013, movant signed the § 2255 motion. (ECF No. 69.) Respondent filed an opposition on September 25, 2013, and movant filed a reply. (ECF Nos. 75; 76.)

III. Factual Basis for the Plea

> On June 26, 2010, an undercover detective in Illinois discovered "bOobert" on a file sharing network was accepted into the user's network. On July 19, 2010, the detective saw that "bOobert" was logged into the network; the detective browsed the files and saw a large number of video and image files which appeared to be child pornography. The detective downloaded a total of 46 files depicting sexually explicit conduct with minors. Police learned via subpoena that the IP address for "bOobert" was assigned to a Robert Taggart, whose home was in Roseville, CA, in the State and Eastern District of California.
>
> On November 19, 2010, police executed a federal search warrant at Taggart's home. He was not there, but police found his desktop computer which had child pornography on it. Police were able to locate Taggart's parents at a house nearby and learned that Taggart was on his way to Houston, but he had left his laptop with his parents. Police talked to Taggart who gave them consent to search the computer and to assume his online identity. Forensic analysis of Taggart's computers revealed over 1000 images and 155 videos of child pornography, and a detailed file structure in which he categorized and saved his collection. A forensic report from the National Center for Missing and Exploited Children verified that the collection included a number of known victims whose images were produced outside the state of California.

(ECF No. 50 at 16.)

IV. Legal Standards

Title 28 U.S.C. § 2255 provides that:

> [a] prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Id. A district court must summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States

////

District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. See Marrow v. United States, 772 F.2d 525, 526 (9th Cir. 1985).

V. Discussion

A. Waiver: Movant's First and Third Claims

Movant pled guilty to distribution of child pornography. In claims one and three, movant contends that defense counsel rendered ineffective assistance of counsel by failing to timely pursue a debriefing session for over ten months, allegedly depriving movant of an opportunity to receive an additional 25% reduction in his sentence under U.S.S.G. § 5K1.1, and would not file an appeal, despite movant's request, because if movant appealed, he would be sentenced to twenty years (ECF No. 69 at 31). In opposition to the § 2255 motion, respondent asks the court to enforce the plain terms of the plea agreement, and dismiss the first and third claims contained in the § 2255 motion based on movant's express waiver of his right to file an appeal and a § 2255 motion. In his reply, movant fails to address the issue of his waiver of collateral attack, instead choosing to address the merits of his motion. (ECF No. 76.)

A plea agreement is a contract and subject to contract law standards. United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). In a plea agreement, a defendant may waive his right to file a motion for relief under 28 U.S.C. § 2255 if done so expressly. United States v. Nunez, 223 F.3d 956, 959 (9th Cir. 2000); United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994). The right to collaterally attack a judgment of conviction pursuant to § 2255 is statutory, and a knowing and voluntary waiver of a statutory right is enforceable. United States v. Jeronimo, 398 F.3d 1149, 1153 (9th Cir. 2005), overruled on other grounds by United States v. Jacobo Castillo, 496 F.3d 947, 957 (9th Cir. 2007) (en banc); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) ), cert. denied, 508 U.S. 979 (1993) (allowing defendant to waive the statutory right to file a § 2255 petition challenging the length of his sentence). However, a defendant may not waive an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. See Jeronimo, 398 F.3d at 1156 n.4; Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (a plea agreement that waives the right to file a federal habeas petition pursuant to § 2254 is

unenforceable with respect to an ineffective assistance of counsel claim that challenges the voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular plea bargain); Abarca, 985 F.2d at 1014 (expressly declining to hold that a waiver forecloses a claim of ineffective assistance or involuntariness of the waiver).

In Abarca, the Ninth Circuit held that defendant's knowing and voluntary waiver of the statutory right to bring a § 2255 motion was enforceable, but did "not hold that Abarca's waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of the waiver." Abarca, 985 F.2d at 1014. A year later, the court noted that "[a] plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly." Pruitt, 32 F.3d at 433. The court again expressed doubt "that a plea agreement could waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." Id.

Subsequently, in Nunez, the Ninth Circuit held that a defendant's waiver of the right to appeal his sentence is an implicit waiver of the right to raise on appeal a claim of ineffective assistance of counsel at sentencing because the claim is an attack on the sentence. Id., 223 F.3d at 959. "The Ninth Circuit has not said that a waiver of a § 2255 motion is also an implicit waiver of any claim of ineffective assistance of counsel regarding his sentence, but several district courts have concluded that a valid waiver of the right to bring a collateral attack on a conviction and sentence also waives the right to argue ineffective assistance of counsel on those grounds." United States v. Maya-Cruz, 2014 WL 3362356 (E.D. Cal. July 8, 2014) (citations omitted). But the Ninth Circuit has ruled that "a plea agreement that waives the right to file a federal habeas petition . . . is unenforceable with respect to an [ineffective assistance of counsel] claim that challenges the voluntariness of the waiver." Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006).

Here, movant does not claim that his waiver of the right to collaterally attack his conviction and sentence was not knowingly and voluntarily made, or that counsel induced movant

to plead guilty or to accept a particular plea bargain based on alleged ineffective assistance of counsel. Rather, movant contends that counsel was ineffective based on her failure to timely pursue a debriefing session for over ten months, which allegedly deprived movant of a further 25% reduction in his sentence, and counsel's failure to file an appeal after movant so requested.

Within the Ninth Circuit there is a split of authority as to whether or not the waiver of collateral attack is valid as to an ineffective assistance claim for failure to file a notice of appeal upon request. In two different cases addressing the same issue, one district judge found such claims should be heard on the merits:

> Petitioner's claim that his attorney did not file a notice of appeal after being requested to do so can only be raised in a Section 2255 motion. Although Sandoval-Lopez, 409 F.3d 1193 (9th Cir. 2005), did not specifically involve a waiver of the right to appeal and a waiver of the right to collaterally attack petitioner's conviction and sentence, the Ninth Circuit's holding, when conjoined with the Supreme Court's statement in Roe v. Flores-Ortega, 528 U.S. 470, 477, 120 S. Ct. 1029, 145 L.Ed.2d 985 (2000), strongly implies that this claim of ineffective assistance of counsel may proceed to the merits, notwithstanding waiver issues.

Sanchez v. United States, 2008 WL 2622866, * 1 (E.D. Cal. 2008); Torres v. United States, 2008 WL 2622867, * 1 (E.D. Cal. 2008) (same).[2] Another district judge found that a claim that defense counsel ignored the request to file an appeal exceeds the scope of the collateral waiver "because it does not constitute a challenge to the plea, conviction, restitution imposed, or sentence," and therefore must be reviewed on the merits. Schneider v. United States, 2012 WL 5522703, *4 (E.D. Cal. Nov. 14, 2012).[3] "Rather, the claim challenges Ms. Schneider's inability

---

[2] In Sandoval-Lopez, the Ninth Circuit held that it was error to dismiss, without an evidentiary hearing, a § 2255 motion alleging that the prisoner, who had waived his right to appeal in a plea agreement, specifically told his attorney to file a notice of appeal. Sandoval-Lopez, 409 F3d at 1193. The prisoner in Sandoval-Lopez had not waived his right to bring a collateral attack. Id. In Flores-Ortega, the Supreme Court held that the failure to file a requested notice of appeal is ineffective assistance of counsel with or without a showing that the appeal would have merit; prisoner need only show he would have filed an appeal. Id., 528 U.S. at 470. The prisoner in Flores-Ortega had not waived his right to appeal or file a collateral attack. Id.

[3] Another court took a different approach. Min v. United States, 2012 WL 503866 (W.D. Wash. Jan. 11, 2012). In Min, the magistrate judge found that "under the circumstances it would be best to assume the verity of the [appeal] claim without holding an evidentiary hearing and to proceed accordingly." Id. at *4. After discussing the foolishness of risking the loss of "a seven-year plea

to file an appeal." Id.

By contrast, five district judges have enforced collateral attack waivers where the prisoner claimed counsel failed to file a notice of appeal after such a request. Loviano v. United States, 2014 WL 3362210 (E.D. Cal. July 8, 2014) (voluntary waiver of collateral review bars claim where the waiver of right to file § 2255 motion specifically listed in waiver portion of written plea agreement); Contreras-Sanchez v. United States, 2014 WL 202617 (S.D. Cal. Jan. 16, 2014) (collateral attack waiver was knowing and voluntary, and plain language provided broad waiver and expressly waived right to collaterally attack, thus encompassing his claims); United States v. Dominguez-Barajas, 2013 WL 4026895 (D. Ariz. Aug. 7, 2013); United States v. Gomez-Cazares, 2013 WL 394208 (D. Ariz. Jan. 31, 2013); Lewis v. United States, 2009 WL 4694042 (D. Ariz. Dec. 4, 2009). All of these decisions focused on "the importance of enforcing knowing and voluntary waivers of collateral attack irrespective of the merits of the claims." Loviano, 2014 WL 3362210 at *1. In Lewis, the court explained its reasoning:

> What is at issue here is not the validity of Movant's claim that counsel was ineffective for failing to file an appeal. Rather, what is at issue here is the enforceability of Movant's waiver of his right to assert such a claim in a collateral attack. Nothing in Flores-Ortega or Sandoval-Lopez would render Movant's waiver unenforceable.

Lewis, 2009 WL 4694042, at * 5. In Loviano, the court expressed reluctance

> to read Sandoval-Lopez to permit a district court to refuse to enforce an admittedly voluntary waiver of collateral review based on a finding that an issue may be meritorious if it were not waived. The Ninth Circuit has recognized that courts should enforce a waiver of the right to collaterally review . . . a conviction if "(1) the language of the waiver encompasses the defendant's right to [dispute] the grounds claimed . . ., and (2) the waiver is knowingly

---

bargain on an appeal almost sure to go nowhere, in a major heroin case," the court recommended that, unless the government objected, the judgment be vacated and re-entered without an evidentiary hearing "because it would be a waste of judicial resources to appoint Mr. Min counsel and to hear testimony regarding a claim that, if successful, would simply enable him to file an appeal that appears to be doomed *ab initio*." Id. at *5. Subsequently, the government objected, and the district court referred the matter back to the magistrate judge for an evidentiary hearing to determine the veracity of Mr. Min's claims. Min v. United States, Case No. C11-0647-JCC (W.D. Wash. February 15, 2012) (ECF No. 12). An assistant federal defender was appointed to represent Mr. Min at the evidentiary hearing. Counsel later stipulated to the dismissal of Mr. Min's claim that trial counsel was ineffective by failing to file a notice of appeal, and the hearing was vacated. Id. (ECF No. 15).

> and voluntarily made." United States v. Ligon, 461 F. App'x 582, 583 (9th Cir. 2011) (quoting United States v. Nunez, 223 F.3d 956, 958 (9th Cir. 2000)).

Loviano, 2014 WL 3362210 at *2.

The undersigned is persuaded that the court should enforce waivers of collateral attacks that are knowingly and voluntarily made and where the waiver encompasses the defendant's right to file a § 2255 motion on the grounds claimed in the motion.

i. Knowing and Voluntary

The court turns to the instant record to determine whether movant made a knowing and voluntary waiver. On February 2, 2012, movant signed a written plea agreement. (ECF No. 50 at 15.) The plea agreement expressly waived movant's right to appeal and to file a collateral attack:

> **B. Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal both his conviction and his sentence. He agrees as part of his plea, however, to give up the right to appeal the conviction and the right to appeal any aspect of the sentence imposed in this case.
>
> The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 50 at 12-13.) Also, within the section addressing the reduction of movant's sentence for his cooperation, the plea agreement states:

> In particular, the defendant agrees not to try to file a motion to withdraw his plea based on the fact that the government decides not to recommend a sentence reduction less than the defendant thinks is appropriate.

(ECF No. 50 at 8-9.) The plea agreement was also signed on February 2, 2012, by movant's defense attorney, who stated that she read the plea agreement and discussed it fully with her client. (ECF No. 50 at 14.)

At the change of plea hearing, movant was sworn in (ECF No. 71 at 3), and when he changed his plea to guilty, he acknowledged in open court that he was waiving his right to file an appeal, as well as a motion pursuant to 28 U.S.C. § 2255. (ECF No. 71 at 11.) The district court inquired further:

> THE COURT: Do you understand that by entering this plea of guilty today you will have, by the terms of your plea agreement, waived or given up your right to collaterally attack and/or appeal any part of this plea, the conviction, or the sentence that will be imposed by this?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Ms. Parisi, are you satisfied there's been a voluntary, knowing, and intelligent waiver of the right to collaterally attack and/or appeal by your client?
>
> MS. PARISI: Yes, Your Honor.

(ECF No. 71 at 11.)

Movant denied that any threats or promises were made to induce him to enter a guilty plea. (ECF No. 71 at 8.) The district court then carefully reviewed with movant his constitutional rights, the essential elements of the charged offenses, and the factual basis for the plea; movant pled guilty, and the court continued:

> THE COURT: It is the finding of this Court . . . that the defendant is fully competent and capable of entering an informed plea.
>
> The Court also finds that there is a factual basis established for his plea, and that he has made a voluntary, knowing, and intelligent waiver of all of his constitutional rights, and that a factual basis was established pursuant to stipulation here in open court. The plea is accepted, and he is now adjudged guilty of that offense.

(ECF No. 71 at 14-15.)

Moreover, movant's statements made under oath during the plea colloquy are entitled to a presumption of truthfulness. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("[T]he representations of the defendant [at a plea hearing] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity."); United States v. Ross, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea."). Here, movant provides no reason for this court to doubt the truthfulness of his sworn statements that he understood the rights he was giving up and that he was doing so freely and voluntarily.

////

Based on the plea colloquy and the written plea agreement, the undersigned finds that movant knowingly and voluntarily waived his right to collaterally attack his sentence.

ii. Scope of the Waiver

In Nunez, the Ninth Circuit explained how to determine whether the language of the waiver encompassed the defendant's right to appeal on the grounds claimed on appeal:

> we determine whether the agreement, by its terms, waives the right to appeal. In doing so, we apply contract principles, including the parol evidence rule. United States v. Ajugwo, 82 F.3d 925, 928 (9th Cir. 1996). Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." Wilson Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990), citing Trident Center v. Connecticut General Life Ins. Co., 847 F.2d 564, 568-69 (9th Cir. 1988).

Nunez, 223 F.3d at 958. Another district court has used similar contractual principles in evaluating the scope of the waiver in this context. Contreras-Sanchez, 2014 WL 202617 at *4.

Here, movant's ineffective assistance of counsel claims are encompassed within the scope of movant's collateral attack waiver because the plain language of the waiver contained within the written plea agreement states that movant

> gives up any right he may have to bring a post-conviction attack on his conviction or sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

(ECF No. 50 at 8-9.) This language is not ambiguous. Movant clearly and expressly waived, by plain language, his right to file a motion under 28 U.S.C. § 2255. This waiver is broad and covers both claims raised in his § 2255 motion. His claim that counsel failed to file an appeal is an attempt to challenge his conviction and sentence. While movant was allegedly[4] deprived of the

---

[4] As set forth above, at sentencing the district court explained to movant his right to appeal, and expressly told him that "[i]f you so request it, the clerk of the court will file a notice of appeal on your behalf." (ECF No. 68 at 28.) Movant was not remanded into custody after the May 24, 2012 sentencing; rather, movant was allowed to self-surrender on August 16, 2014. (ECF No. 68 at 29-30.) In his declaration, movant states that defense counsel did not want to file an appeal because if she did, movant would face a 20 year sentence. (ECF No. 69 at 31.) Because movant was aware that counsel would not file an appeal, and he was not in custody during the time the

opportunity to file an appeal, an appeal challenges the conviction and sentence. His claim that counsel failed to seek an earlier debriefing allegedly resulting in a longer term of imprisonment is an attack on the legality of the imposed sentence. Thus, both claims fall within the scope of the waiver contained in the written plea agreement.

iii. Conclusion: Waiver

In conclusion, the record reflects that movant expressly waived his right to file a § 2255 motion in the written plea agreement, such waiver was knowingly and voluntarily made based on movant's statements made under oath during the plea colloquy, and claims one and three are encompassed within the scope of the waiver. Therefore, movant's collateral attack waiver should be enforced, and claims one and three contained in the § 2255 motion should be denied.

B. Alleged Breach of Plea Agreement by the Government (Second Claim)

In his second claim, movant contends the government breached the plea agreement. Movant contends that the government's failure to have a timely debriefing session deprived him of an additional 25% reduction in his sentence. (ECF No. 69 at 4.) Movant argues that because the plea agreement included a provision for a § 5K1.1 motion, movant "had a reasonable expectation that there would be a timely and functional debriefing session made in good faith." (ECF No. 69 at 22.) Movant contends that the government's refusal to file for the 50% reduction is "attributable to bad faith on the part of the government for failing to provide a timely debriefing session and in violation of the plea agreement." (ECF No. 69 at 22-23.) Movant contends he is entitled to specific performance, that is, to be resentenced in accordance with a 50% reduction under § 5K1.1. (ECF No. 69 at 23.)

Respondent argues that this claim is procedurally defaulted because movant failed to raise it on appeal. (ECF No. 75 at 16.) Further, respondent contends that movant cannot demonstrate prejudice because the debrief session was completed more than four months before he signed the written plea agreement, and nearly eight months before the sentencing recommendation was made. (ECF No. 75 at 17.) Respondent points out that the express terms of the written plea

---

appeal period ran, movant could have filed an appeal in propria persona either personally or by asking the clerk of the court to do so for him.

agreement provided the government sole discretion to evaluate movant's "substantial assistance," and determine what percentage of reduction, "up to 50%," to recommend, or to make no recommendation for reduction at all. (ECF No. 75 at 17-18.)

In reply, movant argues that the court needs to find a limited waiver of the attorney/client privilege "as to [his] allegations contained in grounds one and two." (ECF No. 76 at 9.) While not entirely clear, it appears he seeks the waiver to determine whether defense counsel made further investigative inquiries to the government between the September 22, 2011 debriefing session and the May 24, 2012 sentencing. (ECF No. 76 at 9.) Movant also claims that the record is "devoid of the actual statements from the agents, former defense counsel and the AUSA at the September 2011 debriefing session." (ECF No. 76 at 9.) Movant also seeks a limited discovery order to provide information to determine to what extent his cooperation efforts helped in the arrest and prosecution of others. (ECF No. 76 at 10.) Movant provided an exhibit from the Federal Bureau of Investigation, dated July 5, 2011, which lists 18 different Case ID numbers, without attribution by name, each of which is noted pending.

i. Failure to Raise Claim in Trial Court

Movant failed to raise this claim in the trial court. Generally, breach of plea agreement issues not brought at the trial court level cannot be raised for the first time on appeal or collateral attack. United States v. Maldonado, 215 F.3d 1046, 1051 (9th Cir. 2000);[5] see also United States v. Cannel, 517 F.3d 1172, 1175-76 (9th Cir. 2008) (Cannel failed to preserve issue for appeal because he failed to claim a breach of the plea agreement by the government at the sentencing hearing.) As the Ninth Circuit has explained:

> a claim regarding the breach of a plea agreement is fact-specific and is "precisely the type of claim that a district court is best situated to resolve." [Flores-Payon] at 560. While we noted that there are

[5] "[T]he Ninth Circuit has recognized exceptions if: (1) exceptional circumstances exist regarding why the issue was not raised in the trial court; (2) the new issue arises while the appeal is pending because of a change in the law; (3) the issue presented is purely one of law, and the opposing party will suffer no prejudice as a result of the failure to raise the issue in the trial court; or (4) plain error occurred and an injustice might otherwise occur." Maldonado, 215 F.3d at 1051 n.5, citing see United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir. 1991). None of these exceptions apply here.

> exceptions to this rule, these exceptions are generally inapplicable when an appellant argues for the first time on appeal that a plea agreement was breached.

United States v. Garcia, 19 F.3d 30, 817 (9th Cir. 1994), citing United States v. Flores-Payon, 942 F.2d 556, 560 (9th Cir. 1991). Here, movant contends the alleged breach occurred during the ten months before his September 22, 2011 debriefing. Movant failed to raise this claim at his change of plea hearing on February 12, 2012, and again failed to raise it at sentencing on May 24, 2012. Because movant failed to raise this claim in the trial court, the issue is not proper for review on collateral attack.

ii. Terms of Plea Agreement

But even if movant had raised his claim in the trial court, the plain terms of the plea agreement demonstrate the government had sole discretion to determine movant's substantial assistance; thus, as discussed below, movant's second claim is unavailing.

> "Plea agreements are contractual in nature and are measured by contract law standards." United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir. 1993) (internal quotation marks omitted). Therefore, "[i]f the terms of the plea agreement on their face have a clear and unambiguous meaning, then this court will not look to extrinsic evidence to determine their meaning." United States v. Clark, 218 F.3d 1092, 1095 (9th Cir. 2000).

United States v. Trapp, 257 F.3d 1053, 1056 (9th Cir. 2001). "Under the parol evidence rule, a court looks to, and enforces, the plain language of a contract and does not look to "extrinsic evidence . . . to interpret . . . the terms of an unambiguous written instrument." Wilson Arlington Co. v. Prudential Ins. Co. of Am., 912 F.2d 366, 370 (9th Cir. 1990), citing Trident Center v. Connecticut General Life Ins. Co., 847 F.2d 564, 568-69 (9th Cir. 1988). Ambiguities are construed in favor of the defendant. United States v. Quach, 302 F.3d 1096, 1100-01 (9th Cir. 2002). "To determine whether a violation occurred, the district court should consider what [movant] reasonably understood when he pled guilty." United States v. Anderson, 970 F.2d 602, 607 (9th Cir. 1992).

Generally, a defendant is entitled to the benefit of his or her plea bargain. Sentencing pursuant to a plea bargain

////

> must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

Santobello v. New York, 404 U.S. 257, 262 (1971). Therefore, a plea bargain may be enforced through specific performance, see id. at 263; Anderson, 970 F.2d at 608 n.8, or the defendant may be permitted to withdraw the guilty plea. See Santobello, 404 U.S. at 263.

Here, the plain language of the written plea agreement is clear. The plea agreement states that the decision to make a motion for reduction of sentence for substantial assistance, pursuant to U.S.S.G. § 5K1.1, was left to the sole discretion of the government. See United States v. Wade, 504 U.S. 181, 185-87 (1992) (discussing government's discretion in context of a substantial assistance provision in a plea agreement, and noting that "in both [18 U.S.C.] § 3553(e) and § 5K1.1 the condition limiting the court's authority gives the Government a power, not a duty, to file a motion when a defendant has substantially assisted."). Similarly, in connection with movant's argument that the government should have recommended that his sentence be reduced by 50% of the guideline sentence, the plea agreement states:

> The government agrees to recommend at the time of sentencing that the defendant's sentence be reduced **by up to 50%** of the applicable guideline sentence **if** he provides substantial assistance to the government, pursuant to U.S.S.G. § 5K1.1. The defendant understands that he must comply with paragraph II.[D]. above.[6] **The defendant understands that it is within the sole and exclusive discretion of the government to determine whether the defendant has provided substantial assistance.** The defendant understands that the government **may** recommend a reduction in his sentence **of less than 50% or no reduction at all**, **depending upon the level of assistance the government determines** that the defendant has provided. The defendant further understands that a motion pursuant to U.S.S.G. § 5K1.1 is only a recommendation and is not binding on the Court, that this plea agreement confers no right upon the defendant to require that the government make a § 5K1.1 motion, and that this plea agreement confers no remedy upon the defendant in the event that the

[6] The plea agreement refers the reader to Section II.C, which is the section addressing the special assessment. (ECF No. 50 at 3.) However, Section II.D of the plea agreement sets forth movant's obligations to cooperate with the government and any other federal, state, or local law enforcement agency. (ECF No. 50 at 3-4.)

> government declines to make a § 5K1.1 motion. In particular, the **defendant agrees not to try to file a motion to withdraw his plea based on the fact that the government** decides not to recommend a sentence reduction or **recommends a sentence reduction less than the defendant thinks is appropriate**.

(ECF No. 50 at 8-9 (emphasis added).) The plain language of this provision makes clear that discretion was left to the government in terms of whether movant's assistance was viewed as "substantial." In other words, the government did not expressly agree to file a motion for a 50% reduction in movant's sentence.

In addition, the written plea agreement states that other than such plea agreement, no agreement, understanding, promise, or condition between the government and movant exists, unless committed to writing and signed by both parties. (ECF No. 50 at 14.) Consistent with the plain language of the plea agreement, movant affirmed during his plea colloquy that there were no promises made to induce him to enter a guilty plea. (ECF No. 71 at 8.)

Moreover, the plea agreement does not specifically address debriefing. The government did not promise to allow movant to debrief again, or promise that a debriefing must occur within a time certain. At the time movant signed the plea agreement, he had already been debriefed, and was aware that the government did not recommend a 50% reduction, and that his cooperation had not resulted in any prosecutions. Thus, at the time movant entered his plea, he could not have "had a reasonable expectation that there would be a timely and functional debriefing session" (ECF No. 69 at 22), because he had already been debriefed.

In any event, the express language of the plea agreement demonstrates that the prosecution retained discretion in recommending a particular downward departure, and that it was within the government's sole discretion to determine whether movant provided substantial assistance and what percentage reduction such assistance warranted. The application notes in U.S.S.G. § 5K1.1 state that "[s]ubstantial assistance is directed to the investigation **and prosecution** of criminal activities by persons other than the defendant." Id. (emphasis added). Because the plea agreement states that all discretionary power was retained by the government, movant can argue nothing more than his expectation was to receive good-faith consideration of his assistance.

And here, the record demonstrates the government's good faith. Despite the fact that movant's cooperation resulted in no prosecutions, the government sought a 25% downward departure, which would reduce the sentence by 60 months, from the sentence of 240 months recommended by the probation officer. The government was not required to evaluate movant's assistance in this way. See United States v. Flores, 559 F.3d 1016, 1020 (9th Cir. 2009) ("the absence of arrests, indictments, or convictions resulting from Defendant's information rendered his assistance insubstantial. . . .") But in addition, the government also moved for an additional 25% downward variance based on movant's medical condition, and the fact he initiated sex offender treatment following his apprehension. Thus, in total, the government recommended that movant be sentenced to a term of ten years, followed by a 15-year term of supervised release, in essence a total 50% reduction from the probation officer's recommendation. The government explained in detail their rationale for the recommended reductions in their May 17, 2012 letter. (ECF No. 58 (sealed).)

Finally, following extensive discussions at sentencing, the district court described the government's recommendation as "an extremely generous recommendation . . . under the circumstances." (ECF No. 68 at 26.) On this record, the undersigned cannot find that the government failed to act in good faith.

Because the express terms of the plea agreement vested the government with sole authority and discretion to determine whether movant offered substantial assistance, movant's allegations contained in his second claim fail to demonstrate breach of the plea agreement, and no evidentiary hearing is required. Moreover, because the written plea agreement is not ambiguous, the court need not address the extrinsic evidence submitted by the parties, or order further discovery.

iii. Benefit of the Plea Bargain

Finally, the record reflects that movant received a substantial benefit under the plea bargain. Movant was initially indicted on two counts: distribution of child pornography, and possession of child pornography. In exchange for his guilty plea, movant was allowed to plead guilty to only count one, distribution of child pornography.

Moreover, the PSR confirmed that movant faced a maximum term of imprisonment of 240 months, or 20 years, although the sentencing guideline range was 262 to 327 months. The probation officer recommended a sentence of 240 months. The government recommended 120 months. However, after reviewing the written sentencing recommendations by both parties, and hearing arguments at sentencing, the district court took note of the "extremely despicable and upsetting conduct in this particular case," the fact that movant "has little or no criminal history in his background," as well as movant's medical condition and "finding this would be a long enough sentence to punish [movant], [and] deter others from criminal conduct but not be longer than necessary," and the district court sentenced movant to 96 months. (ECF No. 68 at 25-26.) Therefore, in fact movant was sentenced to less time than the 50% reduction recommended by the government.

For all of the above reasons, the undersigned finds that movant received the benefit of his plea bargain.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255 [ECF No. 69] be denied; and

2. The Clerk of the Court be directed to close the companion civil case No. 2:13-cv-1008 MCE KJN P.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If movant files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. <u>See</u> Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Any

response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 5, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tagg0140.257