UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>v.<br><br>ROBERT JAMES TAGGART,<br><br>    Movant. | No.  2:11-cr-0140 MCE KJN P<br><br><br>ORDER |

Movant, a federal prisoner, filed a pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 6, 2014, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  On October 8, 2014, counsel was substituted in for movant.  On December 1, 2014, counsel for movant filed amended objections to the findings and recommendations.  (ECF No. 88.)  No reply was filed.

Movant argues*, inter alia*, that the Court should consider Attorney General Eric Holder's October 14, 2014, new policy that "the Department of Justice would no longer ask criminal defendants who plead guilty to waive their right to bring future claims of ineffective assistance of

1

counsel." ECF No. 88 at 6. Such policy was not before the magistrate judge at the time the findings and recommendations issued. However, Attorney General Holder's memorandum did not establish new law or create new rights in this circuit. The Court has not found, and movant did not cite, any Ninth Circuit authority resolving the split of authority concerning waivers of collateral attack identified by the magistrate judge. ECF No. 77 at 7-8. See also Leon v. United States, 2015 WL 3965895 (D. HI, Jun. 29, 2015).

In any event, the memorandum does not change the outcome here. The pertinent language from the Department of Justice memorandum to the federal prosecutors states:

> For cases in which a defendant's ineffective assistance claim would be barred by a previously executed waiver, prosecutors should decline to enforce the waiver when defense counsel rendered ineffective assistance resulting in prejudice or when the defendant's ineffective assistance claim raises a serious debatable issue that a court should resolve.

Adame-Najera v. United States, 2014 WL 6792113 (N.D. Ga. Dec. 2, 2014). Here, the record reflects that movant was aware that defense counsel did not want to file an appeal because if she did, movant would face a 20 year sentence. (ECF No. 69 at 31.) Thus, counsel's decision not to file an appeal was based on her client's interests, and not on the fact that movant had waived his right to appeal. Moreover, during sentencing, movant was expressly told that if he requested it, the clerk of the court would file a notice of appeal on movant's behalf. (ECF No. 68 at 28.) Movant then had over two and a half months to file a pro se notice of appeal or ask the clerk of the court to do so for him because he was sentenced on May 24, 2012, but allowed to self-surrender on August 16, 2012.[1] (ECF No. 68 at 29-30.) The court has reviewed the record and does not find that movant's ineffective assistance of counsel claims raise a serious debatable issue that the court should resolve.

Moreover, the substantial benefit movant received as a result of the plea bargain also demonstrates that movant did not suffer prejudice as a result of any ineffective assistance of

---

[1] The findings and recommendations incorrectly references this date as August 16, 2014. (ECF No. 77 at 11 n.4.) It appears that his surrender date was subsequently extended to September 6, 2012. (ECF No. 67 at 6.) Movant declares he was ordered to self-surrender on September 9, 2012. (ECF No. 69 at 12.)

counsel. (ECF No. 77 at 17-18.) Although indicted on two counts, movant pled guilty to only one count. Movant faced a maximum term of imprisonment of 240 months, or 20 years, but ultimately was sentenced to 96 months, or 8 years, which was less time than the 50% reduction recommended by the government. (ECF No. 77 at 18.) Inasmuch as movant was facing twenty years, but received an 8 year sentence as a result of his plea bargain, the undersigned cannot find movant sustained prejudice.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In dismissing a § 2255 motion, the court must also address whether movant should be granted a certificate of appealability ("COA"). See R. 11(a), Rules Governing Section 2255 Proceedings (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir.2010) (en banc), overruled on other grounds by Swarthout v. Cooke, 562 U.S. 216 (2011). Movant is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted). The standard "requires something more than the absence of frivolity, but something less than a merits determination." Id. (internal quotation marks omitted).

The court carefully reviewed movant's assertions. Based on the split of authority discussed in the findings and recommendations, and movant's objections, the court finds that reasonable jurists could find the court's rulings debatable. Accordingly, the court grants movant's request for a COA.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 6, 2014, (ECF No. 77) are ADOPTED

in full;

2. The motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C § 2255 (ECF No. 69) is DENIED;

3. Movant's request to issue the certificate of appealability referenced in 28 U.S.C. § 2253 is GRANTED; and

4. The Clerk of the Court is directed to close the companion civil case, No. 2:13-cv-1008 MCE KJN P.

IT IS SO ORDERED.

Dated:  January 5, 2017

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE